1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11  MISS ROSE ANN FERNANDEZ,          )    No. EDCV 13-336 SJO (FFM)
12  M.A., P.A.,                       )
                   Petitioner,        )    ORDER RE SUMMARY
13                                     )    DISMISSAL OF ACTION
           v.                          )
14                                     )
    C.D.C.R., et al.,                  )
15                 Respondents.        )
                                       )
16  _____)

17          On February 22, 2013, petitioner filed what is captioned a Petition for Writ
18  of Habeas Corpus by a Person in State Custody ("Petition").

19          As best the Court can glean from the face of the Petition, the majority of
20  petitioner's allegations are not directed to the legality or duration of petitioner's
21  current confinement.  Rather, petitioner's claims for the most part relate to
22  physical injuries she has allegedly sustained at the hands of fellow inmates.
23  Petitioner also includes a claim that appears to be an attempt to assert some,
24  unclear, contention about the *Miranda* warning she was given (presumably at the
25  time of her arrest).

26          Petitioner is currently serving time for conviction of one felony count of
27  robbery and two misdemeanor counts of assault with a deadly weapon other than a
28  firearm and by means of force likely to cause great bodily injury.  Her petition

/ / /

for writ of habeas corpus challenging that conviction is currently pending in this Court (*see* EDCV 12-1061 SJO (FFM)).

In the instant Petition, petitioner has named over 50 entities and individuals as respondents and, as indicated above, generally makes assertions regarding her conditions of confinement.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). A civil rights action, in contrast, is the proper method of challenging civil injuries. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's claims as presently alleged do not implicate the legality or duration of confinement, but rather concern alleged civil injuries.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion, because it is clear that the pleading fails to comply with Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 18. Rule 8(a)(2) requires a "a short and plain statement of the claim." The allegations of the Petition are largely unintelligible and appear to be directed largely against fellow inmates, not state actors. This Court does not have jurisdiction over personal injury claims against private individuals absent diversity jurisdiction or some other federal law, neither of which is applicable here.

To the extent any portion of the Petition could be construed as challenging petitioner's conviction, the Court notes that no claim has been set forth and that petitioner currently has habeas proceedings pending with respect to the same conviction as that alleged here. (EDCV 12-1061.) Objections to the Report and Recommendation recommending dismissal of that action with prejudice were due

no later than February 25, 2013.  Petitioner was previously warned that if she wished to amend that petition she would have to file a motion seeking leave to amend.  (*See* Minute Order dated February 20, 2013.)  As of February 27, 2013, petitioner has filed no such motion.

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

DATED: March 7, 2013

_S. James Otero_
_____
S. JAMES OTERO
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
 FREDERICK F. MUMM
United States Magistrate Judge